UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLSTATE INDEMNITY COMPANY,

    Plaintiff,

vs.                                      Case No: 8:09-cv-01326-T-17-EAJ

JUAN ROJAS and ROXANNE ROJAS,
his wife, ANDRES ROJAS, and
OMAR GARCIA,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court pursuant to Defendants, Juan Rojas, and Roxanne Rojas, his wife, and Andres Rojas ("Rojas"), Motion to Dismiss for Lack of Jurisdiction(Docket No. 14), filed September 2, 2009, and the Plaintiff's Motion in Response and Opposition to the Defendants' Motion to Dismiss for Lack of Jurisdiction (Docket No. 16), filed September 14, 2009. Plaintiff Allstate Indemnity Company ("Allstate") has filed an action for declaratory judgment pursuant to 28 U.S.C. § 2201, seeking declaration of the rights, duties and liabilities of the parties under a policy of insurance issued by Plaintiff, Allstate, to Mario Maldonado.

## BACKGROUND

Plaintiff Allstate is an insurance company incorporated in the State of Illinois, authorized to do business in the State of Florida, and maintaining its principal place of

1

business in Illinois.  The Rojas Defendants and Defendant Garcia are citizens of Florida.  Plaintiff, Allstate is seeking a Declaratory Judgment, as to the rights, duties and liabilities of the parties under a policy of insurance issued by Plaintiff, Allstate, to Mario Maldonado.  These facts are alleged:

1. Omar Garcia was involved in an automobile accident on September 1, 2007.  At the time of the accident, he was operating a vehicle owned by Mario Maldonado.
2. At the time of the accident, Omar Garcia was operating the vehicle without the express or implied permission or knowledge of Mario Maldonado.
3. Upon information and belief, Defendant Juan Rojas was involved in the accident and sustained injuries
4. At the time of the accident, Mario Maldonado had a policy of insurance issued by Allstate Indemnity Company, policy number 661212582, for the policy period March 24, 2007 to September 24, 2007.   Mario Maldonado is the only listed driver on the policy.
5. The bodily injury limits under the policy are $10,000 each person and $20,000 each occurrence.
6. The policy contains the following pertinent definitions:

**Definitions Used throughout the Policy**
The following definitions apply throughout the policy unless otherwise indicated.  Defined terms are printed in bold face type.

1. **Allstate, we, us or our means the company shown on the Policy Declarations**
2. **Resident or reside means the physical presence in your household with the intention to continue living there.  Your unmarried dependent children while temporarily away from home will be considered resident(s), if they intend to continue to live in your household**
3. **You or your means the policyholder named on the Policy Declarations and that policyholder's resident spouse**
4. **Coverage AA of the policy is the "Automobile Liability Insurance Bodily Injury" coverage of the policy.  The insuring agreement of this provision states as follows:**
    **Part I**
    **Automobile Liability Insurance**
    **Bodily Injury—Coverage AA**
    **Property Damage – Coverage BB**
    **Allstate** will pay damages an **insured person** is legally obligated to pay because of **bodily injury** or **property damage.**

2

        Under these coverages, **your** policy protects an **insured person** from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of the auto **we** insure.
5. The policy's liability segment contains the following definition of "insured person:"
6. **Insured person means**
    a. **While using your insured auto**
        i. **You,**
        ii. **Any resident, and**
        iii. **Any other person using it with your permission;**

    b. While using a non-owned **auto**
        i. **You,**
        ii. **Any resident relative using a four wheel private passenger auto or utility auto; or**

    c. Any other person or organization liable for the use of an **insured auto** if the **auto** is not owned or hired by that person or organization, provided the use is by an **insured person** under a or b above and then only for that person's acts or omissions.

7. The vehicle that Omar Garcia was operating at the time of the accident, a 2001 BMW 325ci, VIN # WBABN334611W57789, was listed on the Allstate policy declarations.
8. The Rojas Defendants have filed a lawsuit in State Court against Allstate's insured, Mario Maldonado and the driver Omar Garcia. The state court case has not been concluded.
9. Omar Garcia was not using the vehicle with the permission of the owner Mario Maldonado, and, therefore, there is no bodily injury liability coverage provided by the policy to Mr. Garcia. Without waiving this coverage defense, Allstate made a compromise offer of the policy limit to attempt to resolve this matter without necessity of litigation. However, the Rojas Defendants dispute that Mr. Garcia did not have permission to operate Mr. Maldonado's vehicle, have rejected Allstate's offers to settle all claims for the amount of the policy limit, and are seeking damages against both Mr. Garcia and Mr. Maldonado in amounts that exceed the bodily injury liability limit of the Allstate policy.
10. Consequently, a dispute exists between the parties as to whether the Allstate policy issued to Mario Maldonado provides any bodily injury liability coverage to Omar Garcia with regard to the underlying automobile accident.

**DISCUSSION**

Defendants filed a motion to dismiss asking the Court to exercise its discretionary authority to refrain from entertaining this action brought pursuant to the Declaratory Judgment Act. Defendants contend that the Court should refrain from hearing this action because the Plaintiff's claim fails to satisfy the jurisdictional requirement of 28 U.S.C. § 1332 (Diversity of Citizenship). Plaintiff, Allstate asserts that they do meet the jurisdictional requirements of 28 U.S.C. § 1332.

The Court finds it unnecessary to address the issue of 28 U.S.C §1332 and finds instead that the issues involved in this federal suit can be settled in the Circuit Court of Hillsborough County. The Court finds that applicable case law and the evidentiary factors in this action compel a conclusion that this Court should exercise its discretionary authority to decline to entertain this action and to dismiss the case.

Under the Declaratory Judgment Act, the Court has discretion as to whether to entertain a declaratory judgment action. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495, 62 S. Ct. 1173, 1175-76, 86 L. Ed. 1620 (1942). In Brillhart, the Supreme Court held that, "although the District Court has jurisdiction of the suit under the Federal Declaratory Judgment Act, it was under no compulsion to exercise that jurisdiction." Brillhart, 316 U.S. at 494, 62 S. Ct. at 1175. The Court explained that, "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495, 62 S. Ct. at 1175-76. (quoting Star Insurance Co. v. Elk Foods Centers, Inc., 2000 U.S.

Dist. Lexis 11820 [*3]).  According to the Supreme Court, the question for a federal court presented with a suit under the Declaratory Judgment Act is "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." Id.; (quoting Star Insurance Company v. Elk Food Centers, Inc., 2000 U.S. Dist. Lexis 11820 [*4]).  A district court "may properly refuse declaratory relief if the alternative remedy is better or more effective." Angora Enterprises, Inc. v. Condominium Assoc. of Lakeside Village, 796 F. 2d 384, 388 (11th Cir. 1986); Id. at *5]. Moreover, a district court may also refuse jurisdiction if "there is a pending action in which some of the questions posed by the declaratory action have or may be raised." Angora Enterprises, 796 F.2d at 388; Star Insurance Company v. Elk Food Centers, Inc., 2000 U.S. Dist. Lexis 11820 [*4]

Given this legal guidance, the Court finds the matters in controversy between the parties to this lawsuit can better be settled in the declaratory judgment action pending in the Circuit Court of Hillsborough County.  The issue of Garcia's permissive use of Maldonado's vehicle is an issue in the state court action.  The state court is the best forum in which evidence can be introduced to determine this issue.  Federal courts "have substantial latitude in deciding whether to dismiss a declaratory judgment suit in light of pending state proceedings…" Wilton v. Seven Falls Co., 515 U.S. 277, 286, 115 S. Ct. 2137, 2142, 132 L. Ed. 2d 214 (1995).  In the interest of comity and sound judicial administration this Court declines to accept jurisdiction in this case.  Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss Plaintiff, Allstate's 28 U.S.C. § 2201 Declaratory Judgment Action **be GRANTED**. The Clerk of Court is directed to close this case.

**DONE AND ORDERED**, in Chambers at Tampa, Florida this 5th day of November, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and Counsel of record